# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| FABRICANT LLP, PETER LAMBRIANAKOS, VINCENT J. RUBINO, III, ENRIQUE W. ITURRALDE, and ZHONG LAW FIRM, | § § § § § § § § | Misc. Action No. |
| Plaintiffs, | § § | |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § § | |

**NON-PARTIES FABRICANT LLP, CERTAIN FABRICANT LLP ATTORNEYS, AND ZHONG LAW FIRM'S MOTION TO QUASH SUBPOENAS[1]**

---

[1] Non-Parties Fabricant LLP, Peter Lambrianakos, Vincent J. Rubino, III, Enrique W. Iturralde, and Zhong Law Firm file this Motion in the Southern District of New York as the Court "where compliance is required," under the terms of the Subpoena, in accordance with Rule 45(d)(3)(B). The matter in which this Subpoena was issued, and issuing Court, are *AGIS Software Dev. LLC v. Samsung Elec. Co.*, No. 2:22-cv-00263-JRG, in the United States District Court for the Eastern District of Texas, Marshall Division.

**TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 1

III.  LEGAL STANDARD.............................................................................................. 2

IV.  ARGUMENT ........................................................................................................... 3

       A.  The Subpoenas Subject Non-Parties to an Undue Burden.................................... 4

       B.  Defendants' Subpoenas to Fabricant, the Fabricant Attorneys, and Zhong Law Firm Are Overly Broad and Unreasonable in Scope ...................................... 5

       C.  Defendants' Subpoenas to Fabricant, the Fabricant Attorneys, and Zhong Law Firm Seek Privileged Information .................................................................. 7

       D.  Defendants Have Not Shown that No Other Means Exist to Obtain the Documents and Information Sought from Fabricant, the Fabricant Attorneys, and Zhong Law Firm............................................................................................. 9

V.  CONCLUSION....................................................................................................... 11

I.      **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 45, Non-Parties Fabricant LLP, the Fabricant Attorneys, and the Zhong Law Firm (collectively, the "Non-Parties") respectfully move the Court to quash Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants" or "Samsung") Subpoenas, attached hereto as Exhibits 1–7, to which the Non-Parties object.  In support of this Motion and as good cause for this request, the Non-Parties would show the Court as follows:

II.     **BACKGROUND**

Plaintiff AGIS Software Development LLC ("AGIS") filed its original complaint against Defendants on July 14, 2022.  *See AGIS Software Dev. LLC v. Samsung Elec. Co.*, No. 2:22-cv-00263-JRG, Dkt. 1 (E.D. Tex. July 14, 2022).  AGIS amended its complaint on December 5, 2022 (*id.* at Dkt. 29) and again on June 16, 2023 (*id.* at Dkt. 69), to which Defendants filed their Answer, Defenses and Counterclaims on May 31, 2023 (*id.* at Dkt. 64).   As part of its Answer, Defenses and Counterclaims to the Second Amended Complaint, Defendants asserted a defense of Patent Unenforceability of U.S. Patent No. 8,213,970 (the "'970 Patent") due to Inequitable Conduct, Unclean Hands, and a counterclaim for declaratory judgment of unenforceability.  *See AGIS Software Dev. LLC v. Samsung Elec. Co.*, No. 2:22-cv-00263-JRG, Dkt. 80 at 13-32, 34-39 (E.D. Tex. June 30, 2023).

Fabricant LLP is the law firm of counsel of record for Plaintiff AGIS, Peter Lambrianakos, Vincent J. Rubino, III, and Enrique Iturralde, in the EDTX matter.  *See id.*, Dkts. 5-7 (E.D. Tex. July 14, 2022).  Fabricant LLP and the Fabricant Attorneys are also counsel of record for Plaintiff AGIS in a co-pending matter currently in the Northern District of California.  *See AGIS Software Dev. LLC v. Google LLC*, No. 5:22-cv-04826-BLF (N.D. Cal.).  Jialin Zhong of Zhong Law Firm was appointed as the prosecution attorney of Reexamination No. 90/014,507, filed by Google LLC

on May 15, 2020, on behalf of AGIS.  *See* Ex. 8, Patent Owner Power of Attorney.

Plaintiff AGIS filed a motion to dismiss and strike Defendants' counterclaims and affirmative defenses relating to allegations of inequitable conduct and unclean hands in the underlying infringement litigation.  *See AGIS Software Dev. LLC v. Samsung Elec. Co.*, No. 2:22-cv-00263-JRG, Dkt. 89 (E.D. Tex. July 21, 2023).  The Subpoenas are purportedly directed to those claims and defenses.

However, Defendants' inequitable conduct defense is fatally flawed because it fails to plead facts showing "but-for materiality" of a claim limitation of a different patent from a prior litigation.  In addition, Defendants' unclean hands defense is fatally flawed because it does not allege any acts by AGIS's litigation counsel that plausibly suggests a Protective Order violation.  Rather, the activity pointed to by Defendants is expressly permitted and contemplated by the Protective Order.  Defendants provided notice of the Subpoenas on the same day that Plaintiff AGIS moved to dismiss and strike Defendants' counterclaims and defenses.

Fabricant, the Fabricant Attorneys, and Zhong Law Firm have never been a party to any of the lawsuits.  On July 31, 2023, Defendants served electronic copies of the Subpoenas on counsel for Fabricant, the Fabricant Attorneys, and Zhong Law Firm, which contain a copy of the Protective Order entered in the EDTX matter and each respective Subpoena Application. Copies of the Subpoenas are attached as **Exhibits 1-7**.  Each Subpoena directs the Non-Parties to produce documents or appear for deposition at O'Melveny & Myers LLP's New York office.  *See id.*  The issuing court is the Eastern District of Texas.  *See id.* As explained in the Non-Parties' Motion to Quash (Dkt. No. 1), the Subpoenas are overly broad and vague, unduly burdensome, and improperly seek privileged information.  Accordingly, the Subpoenas should and must be quashed.

III.   **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Rule 45 provides a subpoena may command "each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii).

With respect to non-party subpoenas, the party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). "[T]he court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iii)-(iv).

A party or person withholding subpoenaed information under a claim that it is privileged or subject to protection must: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii).

## IV.    ARGUMENT

The Court should quash Defendants' Subpoenas to Fabricant, LLP, the Fabricant Attorneys, and Zhong Law Firm in their entirety because they are facially overly broad, unduly burdensome, unreasonable in scope, not narrowly tailored, and seek privileged information protected from disclosure.

The Subpoenas directed to Fabricant LLP and Zhong Law Firm are not reasonable in scope

because they seek documents relating to the PTO and PTAB proceedings, without limitation to subject matter or privilege, and the Subpoenas to the Fabricant Attorneys fail to include **any** deposition topics whatsoever.  The Subpoenas to Fabricant LLP and Zhong Law Firm, likewise, do not specify the material to be produced as precisely as possible.  The document requests and deposition topics in the Subpoenas, where they are included, are overly broad and purposefully seek information that is clearly privileged, including attorney notes and communications.

### A.     The Subpoenas Subject Non-Parties to an Undue Burden

The Subpoenas must be quashed because they subject the Non-Parties to an undue burden. Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv), a subpoena which imposes an undue burden on a non-party must be quashed.  As the moving party, the Non-Parties bear the burden of proving that compliance with the subpoena would be unreasonable and oppressive.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  However, Fed. R. Civ. P. 45(d)(1) also imposes an obligation on Defendants as the issuing party to "take reasonable steps to avoid imposing undue burden or expense" on the Non-Parties.  Determining whether the claimed burden is "undue" requires the court to weigh the issuing party's needs against the recipient's burden.  *See Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (abrogated on other grounds), *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010)).

Here, the factors weigh heavily against Defendants as the issuing party.  Defendants seek to have the Non-Parties undertake a time-consuming and costly search for documents, particularly where a large number of those documents are already part of the reexamination record and are available through publicly-available means.  Non-party status is a significant factor that courts must consider when assessing whether an undue burden exists.  *See WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006).

In determining whether a subpoena presents an undue burden, Courts will typically consider the following factors: (1) the particularity with which the party describes the requested documents; (2) the time period covered by the request; (3) the burden imposed; (4) whether compliance with subpoena implicates privacy interests; (5) expense and inconvenience to the non-party; (6) relevance of the information requested; (7) whether the sought-after evidence is more readily available from another source; (8) the need of the party for the documents; and (9) the breadth of the document request.  *See Wiwa*, 392 F.3d at 818; *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.N.D.Y. 1996).

**B.      Defendants' Subpoenas to Fabricant, the Fabricant Attorneys, and Zhong Law Firm Are Overly Broad and Unreasonable in Scope**

Defendants' Subpoenas to Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm should be quashed because they are facially overbroad. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.  *See Wiwa*, 392 F.3d at 818. Defendants' Subpoenas to Fabricant LLP and Zhong Law Firm seek "[a]ll Documents related to proceedings associated with U.S. Patent No. 8,213,970 before the United States Patent office or the Patent Trial and Appeal Board. . . ." *See* Ex. 2 at 5; Ex. 7 at 5.  The Requests and Topics seek unlimited discovery on *all* PTO and PTAB proceedings for the '970 Patent.  While Defendants appear to attempt to narrow the scope of the Requests and Topics by identifying specific documents and information related to the reexamination of the '970 Patent, it nonetheless seeks "[a]ll documents" related to proceedings involving the '970 Patent.  Ex. 1 at 5-8; Ex. 6 at 5-8. However, there is only one proceeding that is the subject of Defendants' counterclaims and affirmative defenses—the reexamination of the '970 Patent.   To request documents and information related to *all* proceedings related to the '970 Patent is unquestionably overbroad and not relevant to the claims and defenses in the underlying litigation.

Defendants' requests for documents and information related to *all* proceedings related to the '970 Patent is facially overbroad.  While a temporal limit could be used to narrow the scope of Defendants' requests to relate to their counterclaims and affirmative defenses, neither the Requests nor the Topics in the Subpoena to Fabricant LLP and Zhong Law Firm contain temporal limits on the information sought.  Ex. 1 at 5–8; Ex. 6 at 5-8.  Consequently, the Subpoenas to Fabricant LLP and Zhong Law Firm are clearly overbroad and should be quashed in their entirety. *See Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 527 (N.D. Fl. 2013) (holding documents requests to a non-party lacking a time parameter was facially overbroad in a patent infringement case).

The Requests and the Topics also do not specify or identify the "proceedings *associated with* U.S. Patent No. 8,213,970 before the [PTO] or the [PTAB]," and the term "associated with" is vague and ambiguous. The overbreadth and vagueness of this language becomes even more burdensome in asking Fabricant LLP and Zhong Law Firm to produce "[a]ll documents" related to those proceedings when considering that the '970 Patent has been involved in numerous proceedings before the PTO and PTAB, most of which do not have any relevance to Defendants' claims or defenses. Ex. 1 at 5; Ex. 6 at 5 (emphasis added).

Defendants' failure to narrowly tailor the Requests and Topics to reexamination of the '970 Patent justifies quashing the Subpoenas to Fabricant LLP and Zhong Law Firm in its entirety.

Finally, the Subpoenas to the Fabricant Attorneys fail to include *any* deposition topics. *See* Exs. 3-5. There are no limits or boundaries provided for the testimony sought from the Fabricant Attorneys whatsoever.  Nor do the Subpoenas to the Fabricant Attorneys state that the testimony sought is commensurate with the Topic in the Subpoena to Fabricant.

Defendants' Subpoenas fail to specifically identify the relevance of the information sought

or a reasonable scope of inquiry in its application for subpoenas to the Fabricant Attorneys. The Subpoenas to the Fabricant Attorneys contain no bounds on the scope of testimony sought. And, as described further in Section IV.B *infra*, the lack of deposition topics for the Fabricant Attorneys is not proper because Defendants seek privileged information from Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm.

**C.      Defendants' Subpoenas to Fabricant, the Fabricant Attorneys, and Zhong Law Firm Seek Privileged Information**

The Subpoenas should also be quashed because once they are stripped away of any public information that can be obtained without a subpoena, they seek information that is predominantly subject to the attorney-client privilege and attorney work product privilege.  The "minimal benefit" that Defendants are "likely to gain to its current claims in defenses ultimately is outweighed by the risk of encountering privilege and work-product issues." *See Petka v. Mylan Pharms., Inc.*, No. 16-mc-80196-MEJ, 2016 WL 6947589, at *4 (N.D. Cal. Nov. 28, 2016) (granting motion to quash).

Because the Subpoenas are directed to AGIS's litigation and prosecution counsel, Defendants must identify with specificity what non-privileged documents they seek.  But Defendants make no pretense in seeking privileged documents, as the subject matter of the Requests and Topics is facially privileged.  The Requests seek at least the following categories of documents that are privileged: "All Documents (*including drafts and notes*) concerning the interviews conducted with individuals at the Patent Office on or about May 17, 2021, September 13, 2021, and October 19, 2021"; "All Documents (*including drafts and notes*) concerning new claims and amendments to existing claims proposed during the reexamination process"; and "All Documents *embodying or reflecting communications among AGIS's counsel* involved in the reexamination, including but not limited to Vincent Rubino, Enrique Iturralde, Peter

7

Lambrianakos, and Jialin Zhong." Ex. 2 at 5-8; Ex. 7 at 5-8 (emphasis added).  Nowhere in the Subpoenas to Fabricant LLP or Zhong Law Firm do Defendants attempt to limit their requests to non-privileged information.

Defendants' definition of the term "Communication(s)" also makes clear that Defendants seek privileged information.   Defendants define "Communication(s)," stating that "'Communication(s)' means *any transmission of information, ideas, facts, data, proposals, or any other matter* by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations."  Ex. 1 at 2; Ex. 6 at 2 (emphasis added).   Requesting communications between AGIS's counsel clearly shows that Defendants seek privileged communications, which is improper.  Fed. R. Civ. P. 45(e)(2).

The absence of any boundaries on the scope of testimony sought from the Fabricant Attorneys, coupled with the overly broad requests for production and deposition topics to Fabricant and Zhong Law Firm that seek privileged information, raise serious concerns that Defendants are using their Affirmative Defenses and Counterclaim to improperly obtain privileged information concerning the *ex parte* reexamination of the '970 Patent (the "'970 Patent EPR") and privileged information which has no bearing on the Inequitable Conduct Defense.

The overly broad language of the Requests and the Topics taint all parts of the Subpoena. Even if the Requests and Topics were narrowed in scope, the information Defendants seek is inherently privileged.  Because the Subpoenas to Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm is overly broad, unduly burdensome, unreasonable in scope, and seeks privileged information, the Court should quash the Subpoenas.

**D.**    **Defendants Have Not Shown that No Other Means Exist to Obtain the Documents and Information Sought from Fabricant, the Fabricant Attorneys, and Zhong Law Firm**

The Subpoenas to Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm should also be quashed because Defendants have not shown that requesting documents from Fabricant and Zhong Law Firm and deposing the Fabricant Attorneys is the only means by which Defendants can obtain the requested information, to the extent non-privileged information responsive to the Subpoenas even exists.

In determining whether a deposition of opposing counsel should go forward, a court may consider whether 1) *no other means exists* to obtain the information sought; 2) the information sought is relevant and *non-privileged*; and 3) the information is crucial to the preparation of the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

With respect to the first *Shelton* factor, Defendants have failed to show that no other means exist to obtain the information they seek from Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm.  As a preliminary matter, many of the non-privileged materials sought by Defendants are accessible from public sources.  In addition, the same materials are being sought from Fabricant LLP and Zhong Law Firm.  *See Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-cv-159-DF, 2008 WL 11348478, at *4 (E.D. Tex. Feb. 13, 2008) ("Defendants do not explain why the information sought cannot be obtained by other means or even assert that they have exhausted all other means available.").

With respect to the second *Shelton* factor, Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm have shown that Defendants seek privileged information.  *See* section IV.B *supra*.  In addition, questioning the Fabricant Attorneys or Zhong Law Firm could result in revealing the attorney's litigation strategy, which is information protected by the work product privilege.  *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) ("Therefore,

9

because the answers to the questions could have in essence revealed the attorney's litigation strategy, we held that the information sought was protected by the work product privilege."). Finally, with respect to the third *Shelton* factor, Defendants has failed to demonstrate that Fabricant LLP, the Fabricant Attorneys, and/or Zhong Law Firm have "crucial" non-privileged information related to their defenses and counterclaims.

Moreover, "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances.'" *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999). Fabricant LLP and the Fabricant Attorneys were not the main prosecuting attorneys in the 970 Patent EPR, as shown by the record. As shown in Plaintiff AGIS's Motion to Dismiss and Motion to Strike (*AGIS Software Dev. LLC v. Samsung Elec. Co.*, No. 2:22-cv-00263-JRG, Dkt. 89 (E.D. Tex. July 21, 2023)), mere attendance at examiner interviews does not mean that Messrs. Rubino and Iturralde were involved in the drafting of any amended claims. Defendants should not be permitted to engage in a fishing expedition through these Subpoenas to support their defenses and counterclaims which are flawed and currently subject to motions to strike and dismiss.

Deposing Fabricant LLP and the Fabricant Attorneys is also overly burdensome and harassing. As shown above, much of the responsive, non-privileged information is already publicly-available to Defendants. If the Court were to enforce the Subpoenas to Fabricant LLP and Zhong Law Firm as currently written, Fabricant LLP and Zhong Law Firm's attorneys would be forced to expend countless hours reviewing attorney work product documents, attorney-client communications, and communications, all of which are privileged documents. In addition, Fabricant LLP and Zhong Law Firm would have to ***redact*** those documents. This is an unreasonable request that serves only to harass AGIS's litigation counsel and distract the parties from the merits of the investigation.

The weakness of Defendants' counterclaims and affirmative defenses, coupled with the timing of Defendants' Subpoenas while motions to dismiss and strike the counterclaims and affirmative defenses are pending, indicate that the Subpoenas were served for the improper purpose of interfering with the prosecution of the underlying infringement case.

Defendants have not shown that deposing Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm is proper, and given the potential for harassment and abuse, Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm respectfully request that the Court quash the Subpoenas to Fabricant, the Fabricant Attorneys, and Zhong Law Firm in their entireties.

## V.      CONCLUSION

For the foregoing reasons, Defendants' Subpoenas issued to Fabricant LLP, the Fabricant Attorneys, and Zhong Law Firm should be quashed in their entireties.

Date:  August 14, 2023

/s/ Alfred R. Fabricant
Alfred R. Fabricant
ffabricant@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Ave., Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

*Counsel for Non-Parties Fabricant LLP,*
*Peter Lambrianakos, Vincent J. Rubino, III,*
*Enrique W. Iturralde, and Zhong Law Firm*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served

upon all counsel of record for the interested parties in accordance with the Federal Rules of Civil

Procedure via e-mail on this the 14th day of August, 2023.

/s/ Alfred R. Fabricant
Alfred R. Fabricant